**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

TRISURA SPECIALTY INSURANCE
COMPANY,

     Plaintiff,

v.                                    CASE NO: 9:24-cv-80582-AMC

SOUTH FLORIDA LODGING, LLC, IRACHE
PARTNERS, LLC, and DESIREE WALKER,

     Defendants.

_____/

**TRISURA SPECIALTY INSURANCE COMPANY'S REPLY TO IRACHE**
**PARTNERS'S RESPONSE TO THE MOTION FOR JUDGMENT ON THE PLEADINGS**

TRISURA SPECIALTY INSURANCE COMPANY ("Trisura") replies in support of its

Motion for Judgment on the Pleadings (DE 40), and states:

1.     Irache Partners, LLC ("Irache Partners") filed a three-sentence response to

Trisura's 20-page brief. (DE 69.)

2.     Irache Partners did not address the allegations, did not include any argument, and

did not provide any legal authority. Instead, Irache Partners "joins and adopts" the arguments

by South Florida Lodging LLC ("SFL") in its response to Trisura's Motion for Judgment on the

Pleadings.

3.     Irache Partners violated Local Rule 7.1(c)(1), which requires a party opposing a

motion to file a memorandum of law. *See Digges v. Wells Fargo Bank*, No. 24-CV-80283, 2024

WL 4274866, at *1 (S.D. Fla. 2024) (explaining that an "opposing memorandum of law" under

Local Rule 7.1(c)(1) must "address all the arguments in the motion" to be valid.) Irache Partners's

three sentences are clearly insufficient.

4. "'Hey, Judge! What he said!' cross-references are inappropriate and unduly tax the Court's resources." *Gov't Employees Ins. Co. v. Path Medical*, No. 8:17-cv-2848, 2018 WL 11487963, at *1 (M.D. Fla. 2018). A party must include in its response every argument it wants the Court to consider, "with no cross-references, incorporations by reference, or argument adoption." *Boswell v. Gee*, No. 8:18-cv-1769, 2019 WL 3718206, at *3 (M.D. Fla. 2019). A defendant that "merely join[s] the other defendants' [response] and fail[s] to make [its] own factually-specific [] arguments… waive[s those arguments.]" *Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1338 (11th Cir. 2022).

5. In *Path Medical*, a defendant included a line that it "join[s] in the Motions to Dismiss filed by [other defendants] to the extent their arguments are relevant to these Defendants, and incorporate their arguments as if fully set forth herein." 2018 WL 11487963, at *1. The district court denied the motion, reasoning this "invitation to sift through immaterial arguments from some of the other eighteen defendants in hope of finding a gem pertinent to the motion to dismiss at hand is declined." *Id.*

6. In *Carrizosa*, the defendant's motion to dismiss stated: "[a]s explained in [co-defendant's] motion, a New Jersey court cannot exercise jurisdiction over an estate constituted in the District of Columbia." 47 F.4th at 1338. The district court denied the motion for failing to cite legal authority in support and for waiving the jurisdictional objection "by merely joining the other defendants' motion and failing to make her own factually-specific jurisdictional arguments." *Id.* The Eleventh Circuit affirmed.

7. Courts understandably disfavor incorporation filings because they improperly "[r]equir[e] the Court to cross-reference arguments from multiple briefs," which "does not increase efficiency." *Promptu Sys. Corp. v. Comcast Cable Comms.*, 92 F.4th 1384, 1385 (Fed.

Cir. 2024). The Eleventh Circuit has likewise "rejected the practice of incorporating [arguments] by reference," holding that a party "waive[s] the arguments it has not properly presented for review." *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, n.4 (11th Cir. 2004).

8.      Irache Partners and SFL are distinct co-defendants represented by different attorneys. Alleging similar affirmative defenses does not justify adopting all SFL's arguments. *See Jolly v. Hoegh Autoliners Shipping AS*, No. 3:20-cv-1150, 2020 WL 6505037, at *2 (M.D. Fla. 2020) (disallowing defendants to incorporate other defendants arguments by reference, even though all defendants alleged materially identical affirmative defenses in their answers).

9.      By filing a three-sentence response deferring to another co-defendant's arguments, Irache Partners waived any argument it may have had. *Allen Systems Group v. Avon Products, Inc.*, No. 2:16-cv-121, 2017 WL 6947451, at *4 (M. D. Fla. 2017) (holding that a party waives arguments by attempting to adopt another party's the arguments).

10.      "A party's failure to meaningfully respond to the opposing party's responsive counterarguments constitutes a concession of the counterargument's persuasiveness." *Ewing v. Carnival Corp.*, No. 19-20264, 2023 WL 2524530, at *3 (S.D. Fla. Mar. 15, 2023); *see also Jones v. Bank of Am.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("[W]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned.") Trisura's motion should be granted by default against Irache Partners.

11.      If Irache Partners is disinterested in this litigation, it should have stipulated to no coverage, allowing Trisura to litigate with SFL. Attempting to stall by incorporating the arguments of another co-defendant is insufficient. The Court should grant Trisura's motion for judgment on pleadings against Irache Partners for failure to file an opposition.

12.     Irache Partners's failure to present a meaningful opposition underscores the straightforward nature of this case. The Firearms Exclusion, the Assault or Battery Exclusion, and the Abuse or Molestation Exclusion clearly bar coverage. It is obvious. The underlying complaint alleges an intentional shooting—exactly the type of conduct these exclusions were designed to preclude. The Court should accordingly grant Trisura's motion for judgment on the pleadings and declare that no coverage exists.

Respectfully submitted,

/s/SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**AARON WARREN**
Florida Bar No. 96162
Aaron.Warren@clydeco.us
**MEGAN BASSO**
Florida Bar No. 1038947
Megan.Basso@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646

## CERTIFICATE OF SERVICE

I CERTIFY that on March 13, 2025, this document was e-filed using the CM/ECF system.

I further certify that there are no non-CM/ECF participants.

/s/SINA BAHADORAN
**SINA BAHADORAN**