UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-80582-CANNON/MATTHEWMAN

TRISURA SPECIALTY INSURANCE
COMPANY,

      Plaintiff,
v.

SOUTH FLORIDA LODGING, LLC, *et al.*,

      Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON TRISURA SPECIALTY INSURANCE COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS [DE 40]

**THIS CAUSE** is before the Court upon an Order of Reference from the Honorable United States District Judge Aileen M. Cannon [DEs 42, 43] to enter a Report and Recommendation on Plaintiff Trisura Specialty Insurance Company's ("Plaintiff") Motion for Judgment on the Pleadings ("Motion") [DE 40]. The Motion is fully briefed. *See* DEs 54, 55, 56, 68, 69, 70. Plaintiff has attached to the Motion the Probable Cause Affidavit against Dontae Maddox dated August 4, 2023 [DE 40-1], the Amended Indictment against Dontae Maddox dated October 5, 2023 [DE 40-2], and the Amended Complaint for Damages filed by Desiree Maria Walker against South Florida Lodging, LLC, Motell, L.L.C., Irache Partners, LLC, and Royal Employment, LLC, in Case No. 50-2023-CA-XXXA-MB in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida [DE 40-3]. This matter is now ripe for review.

## I. BACKGROUND

### A. The Underlying Lawsuit

On April 11, 2024, Desiree Maria Walker filed her Amended Complaint for Damages against South Florida Lodging, LLC, Motell, L.L.C., Irache Partners, LLC, and Royal Employment, LLC, in Case No. 50-2023-CA-XXXA-MB in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. [DE 40-3]. According to that amended complaint, on August 3, 2023, Dontae Maddox entered the premises of The Inn at Boynton Beach and intentionally shot Ms. Parker, who was pregnant. *Id.* ¶ 14. The unborn child died, but Ms. Walker survived. *Id.* In Count 1, Ms. Walker alleges premises liability and non-delegable duty, and in Counts 2 and 3, she alleges negligent security. *Id.* ¶¶ 16–31.

The Probable Cause Affidavit and Amended Indictment support Ms. Walker's allegation. The Probable Cause Affidavit states that Mr. Maddox admitted to law enforcement that he waited for Ms. Walker to come out of her room and shot her. [DE 40-1 at 2]. He later provided a full confession *Id.* Mr. Maddox was ultimately charged with First Degree Murder with a Firearm, Attempted First Degree Murder with a Firearm (Premeditated), and Felon in Possession of Firearm or Ammunition (Actual Possession). [DE 40-2].

### B. The Instant Lawsuit

On May 6, 2024, Plaintiff filed its Complaint for Declaratory Relief and Monetary Damages [DE 1, Compl.] against Defendants South Florida Lodging, LLC ("South Florida"), Irache Partners, LLC ("Irache"), and Desiree Maria Walker. Plaintiff is seeking a determination that there is no coverage for the lawsuit involving a shooting at a motel under an insurance policy that includes a Firearms or Weapons Exclusion, an Assault or Battery Exclusion, and an Abuse or Molestation Exclusion.

According to the Complaint, Plaintiff issued a surplus lines policy to "Peak Hospitality, LLC" as the Named Insured effective from 12/28/2022 to 12/28/2023. [Compl. ¶ 24]. South Florida and Irache tendered the Underlying Action to Trisura for coverage. *Id.* ¶ 26. Plaintiff agreed to provide South Florida and Irache with a defense under a reservation of rights, including the right to seek reimbursement of defense costs. *Id.* ¶¶ 26–27. South Florida and Irache accepted Plaintiff's defense and have never rejected the defense. *Id.* The Complaint also alleges that Irache does not qualify as an additional insured under the policy language. *Id.* ¶ 51. In the "Request Relief" section of the Complaint, Plaintiff seeks a declaration that it has no duty to defend or indemnify under the plain language of the insurance policy that it issued. It also seeks reimbursement of defense costs and fees.

C. The Applicable Insurance Policy

The policy at issue (Policy Number OSU1000869-03) issued by Plaintiff includes a Firearms or Weapons Exclusion that provides in pertinent part:

> **EXCLUSION – FIREARMS OR WEAPONS**
>
> **A.** This insurance does not apply to "bodily injury," … [or] "personal and advertising injury," … arising out of … in whole or in part:
> 1. The … use … by any … person of any "firearm";
>
> 2. The … use … by … any … person of any … "weapon", whether or not … intended … to be used as a "weapon" …
>
> 4. The failure of … any person or legal entity to provide an environment safe from the use of "firearms" or "weapons" … including … the failure to provide adequate security … to warn of the dangers of the environment which could contribute in whole or in part to the "bodily injury," … or the failure to maintain the premises by … any person…
>
> **B.** This exclusion applies to the foregoing and to any claim or "suit" alleging in whole or in part the foregoing: …
>
> 4. Regardless of whether the use or misuse of a "firearm" or "weapon" is a direct cause, and/or a contributory cause of such "bodily injury" …

3

      6. Regardless of the legal theory of liability … including … negligence, and including … causes of action based on hiring, supervision, retention, training, instructing, advising, monitoring, providing security, or implementing procedures and protocols. …

[DE 1-4 at 61–62].

      The policy includes this Assault or Battery Exclusion that provides in pertinent part:

      **ASSAULT OR BATTERY EXCLUSION**

**I.** This insurance does not apply to locations specified in the above Schedule for "bodily injury," … [or] "personal and advertising injury," … arising out of … or in any way related to an "assault" or "battery" when that "assault" or "battery" is caused by, arising out of, or results from, in whole or in part from:

      A. The direct or indirect instigation … by you … or any other persons, or

      B. The failure to provide a safe environment including … failure to provide adequate security, or to warn of the dangers of the environment, or

      C. The negligent employment, investigation, supervision, hiring, training or retention of any person, or

      D. Negligent, reckless, or wanton conduct by … any other persons, or …

      This exclusion applies to all locations if the above Excluded Location Schedule is left blank. Further, this exclusion also applies to all locations specified in the Limited Assault or Battery Coverage endorsement if also attached to the policy.
**II.** For the purpose of this endorsement only … the following definitions are added to **SECTION V –DEFINITIONS**:

      A. "Assault" means any intentional act, or attempted act or threat to inflict injury to another including any conduct that would reasonably place another in apprehension of injury, including … physical injury … intimidation, verbal abuse, and any threatened harmful or offensive contact between two or more persons.

      B. "Battery" means the intentional or reckless use of force including a physical altercation or dispute between persons, or offensive touching … against another, resulting in injury whether or not the actual injury inflicted is intended or expected. The use of force includes, but is not limited to, the use of a weapon.

[DE 1-4 at 28–29].

      The policy also includes this Abuse or Molestation Exclusion that provides in part:

4

**EXCLUSION – ABUSE OR MOLESTATION**

SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY and … 2. Exclusions are amended by the … following:

**Abuse or Molestation**

**(1**) "Bodily injury," … or "personal and advertising injury" arising out of or in any way related, in whole or in part, to any actual, threatened or alleged: …

(e) Physical abuse;

(f) Physical assault; …

**(2)** This exclusion applies regardless of the degree of culpability or intent and without regard to:

(a) Whether the acts are alleged to be by or at the instruction or at the direction of the insured … or by any other person lawfully or otherwise on, at or near the premises owned or occupied by the insured … or by any other person; …

[DE 1-4 at 59–60].

### D. The Relevant Procedural History in the Instant Case

All of the Defendants filed a joint Motion to Dismiss or Stay Plaintiff's Complaint for Declaratory Relief and Monetary Damages [DE 24]. On November 21, 2024, the Court entered a Paperless Order granting in part and denying in part that motion to dismiss. [DE 29]. The Court found that,

> Plaintiff seeks a coverage declaration under an insurance policy concerning its duty to defend in an ongoing Florida action as well as its duty to indemnify any potential finding of liability in that action. Plaintiff's request for a declaratory judgment concerning Plaintiff's duty to defend is clearly the subject of an ongoing controversy and is therefore ripe for adjudication. By contrast, the Court agrees with Defendants that Plaintiff's request for a declaration as to its duty to indemnify is premature given the absence of any finding of liability in the state action. Under these circumstances, grounded in Article III of the Constitution, the Court denies Defendants' motion to dismiss Plaintiff's Complaint as to Plaintiff's duty to defend; grants Defendants' motion as to Plaintiff's duty to indemnify; exercises jurisdiction over the Complaint as it concerns coverage determinations implicating a ripe duty to defend; and dismisses without prejudice for lack of jurisdiction Plaintiff's

> Complaint as it concerns an unripe duty to indemnify. To the extent the Court has power to stay the unripe indemnity claim, the Court declines to exercise its discretion to do so, finding dismissal without prejudice to be the appropriate course. On or before December 6, 2024, Defendants shall file individual answers (or one combined answer) to Plaintiff's Complaint, consistent with this Order.

*Id.* Thereafter, all of the Defendants filed Answers and Affirmative Defenses to the Complaint. [DEs 30, 31, 32].

## II.     MOTION, RESPONSE, AND REPLY

### A.     Plaintiff's Motion [DE 40]

Plaintiff moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) because, "[b]ased on clearly worded exclusions in the Trisura policy, there is no coverage as a matter of law." [DE 40 at 1]. According to Plaintiff, there is no coverage under the three policy exclusions listed above. *Id.* at 7–17. Plaintiff additionally asserts that it is entitled to all of the defense costs it has incurred to defend South Florida and Irache and that South Florida's affirmative defenses are without merit. *Id.* at 18–20.

### B.     South Florida's Response [DE 56]

Desiree Walker and Irache adopt and join South Florida's Response. *See* DEs 54, 69. Plaintiff argues that Ms. Walker's and Irache's Responses are insufficient; however, the Court finds that their Responses sufficiently establish joinder and will not find waiver. The collaboration and coordination between the Defendants promote attorney and court efficiency.

South Florida makes four general arguments in opposition to the Motion. It contends that the Motion improperly presents matters that are outside of the pleadings; there are material disputes regarding certain allegations contained within the Complaint and South Florida's affirmative defenses; the case law relied upon by Plaintiff it its Motion does not involve cases at the judgment on the pleadings phase; and the complaint filed by Ms. Walker in the underlying

6

state court action contains allegations that fall within the scope of the coverage of the insurance policy at issue. [DE 56 at 1].

C. Plaintiff's Reply [DE 68]

Plaintiff's only substantive Reply is directed to South Florida's Response. Plaintiff points out that courts regularly decide cases involving insurance policy exclusions at the judgment on the pleadings stage. [DE 68 at 2]. Next, it asserts that South Florida failed to dispute the applicability of any of the three policy exclusions. *Id.* at 3–4. Plaintiff claims that Ms. Walker's count of negligence in the underlying case does not create a duty to defend for Plaintiff. *Id.* at 4–5. Next, Plaintiff maintains that there is no duty to indemnify. *Id.* at 5. Finally, it argues that none of South Florida's affirmative defenses have any merit. *Id.* at 5–8.

III. APPLICABLE LAW

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). "A motion for judgment on the pleadings admits the plaintiff's factual allegations and impels the district court to reach a legal conclusion based on those facts." *Gachette v. Axis Surplus Ins. Co.*, No. 19-cv-23680, 2020 WL 2850587, at *1 (S.D. Fla. Apr. 1, 2020) (quoting *Dozier v. Prof'l Found. Health Care, Inc.*, 944 F.2d 814, 816 (11th Cir. 1991)). "A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011).

7

"Under Florida law, the determination of an insurer's duty to defend falls under the so-called 'eight corners rule,' the name of which refers to the four corners of the insurance policy and the four corners of the underlying complaint. *Addison Ins. Co. v. 4000 Island Boulevard Condo. Ass'n, Inc.*, 721 F. App'x 847, 854 (11th Cir. 2017) (citing *Mid-Continent Cas. Co. v. Royal Crane, LLC*, 169 So.3d 174, 182 (Fla. 4th DCA 2015)). "Put simply, the eight corners rule provides that an insurer's duty to defend its insured against a legal action 'arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage.'" *Addison Ins. Co.*, 721 F. App'x at 182 (citing *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 442–43 (Fla. 2005)).

"If the allegations in the complaint state facts that bring the injury within the policy's coverage, the insurer must defend regardless of the merits of the lawsuit." *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004) (applying Florida law). "The duty to defend is of greater breadth than the insurer's duty to indemnify, and the insurer must defend even if the allegations in the complaint are factually incorrect or meritless." *Jones*, 908 So. 2d at 443. Any doubts regarding the duty to defend must be resolved in favor of the insured. *Id.* "[B]ecause they tend to limit or avoid liability, exclusionary clauses are construed more strictly than coverage clauses." *S.-Owners Ins. Co. v. MAC Contractors of Fla., LLC*, 768 F. App'x 970, 972 (11th Cir. 2019) (quotation marks omitted). "Nevertheless, if the complaint clearly shows the applicability of a policy exclusion, the insurer has no duty to defend." *Id.* (quotation marks omitted).

## IV.   ANALYSIS

### A.   Whether the Court is Limited to the Four Corners of the Complaint

As an initial matter, the Court finds that the three attachments to the Motion can properly be considered under the incorporation-by-reference doctrine as they are central to Plaintiff's claims and are undisputed. *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024) ("[W]hen

8

resolving a motion to dismiss or a motion for judgment on the pleadings, a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged.").

B. South Florida's Denials

Next, the Court finds that, despite South Florida's argument to the contrary, there are not any alleged material disputes in facts created by South Florida's denials. South Florida has only directed the Court to two specific denials in its Answer which it claims preclude judgment on the pleadings. First, South Florida expressly denies that Exhibit B to Plaintiff's Complaint is the current operative complaint in the underlying proceedings. While this may be true, Plaintiff has attached the proper version of the complaint to the Motion, and the Court has already determined that it can consider the attachments to the Motion. Second, South Florida expressly denies that Plaintiff is entitled to reimbursement of all fees and costs incurred by Plaintiff in defending the underlying lawsuit. However, this is not a factual allegation, but rather a question of law that must be resolved by the Court. *Oriental Republic of Uruguay v. Italba Corp.*, 606 F. Supp. 3d 1250, 1260 (S.D. Fla. 2022) ("Thus, for purposes of Uruguay's Motion for Judgment on the Pleadings, this Court must disregard the parties' averments on interest and costs and resolve such legal issues itself."). Therefore, South Florida's argument on this sub-issue fails.

C. South Florida's Affirmative Defenses

South Florida argues that its affirmative defenses preclude judgment on the pleadings. Thus, the Court has carefully reviewed the five affirmative defenses. South Florida asserts as follows: (1) Plaintiff is "precluded from denying coverage based upon a coverage defense about which it failed to provide timely notification in a written reservation of rights" (First Affirmative

Defense); (2) Plaintiff's "reliance on any terms, limitations, conditions or exclusions are invalid or said provisions of the Policies are ambiguous" and "the policy does not provide a 'right of reimbursement' as Trisura alleges" (Second Affirmative Defense); (3) Plaintiff's claims "may be barred by the doctrines of waiver, estoppel and/or *res judicata*" (Third Affirmative Defense); (4) Plaintiff is "barred by the doctrine of estoppel from denying its duty to defend and duty to indemnify based upon exclusions for firearms or weapons, assault or battery, or abuse or molestation, because Plaintiff previously issued CGL policies to South Florida, none of which included endorsements excluding coverage for firearms or weapons, assault or battery, or abuse or molestation, and failed to inform South Florida that the new policy would include the exclusionary endorsements that Plaintiff relies on, which constitutes a misrepresentation of a material fact by Plaintiff, which South Florida reasonably and detrimentally relied upon" (Fourth Affirmative Defense); and (5) Plaintiff "should be barred from denying its duty to defend and duty to indemnify based upon exclusions for firearms or weapons, assault or battery, or abuse or molestation, because it failed to deliver the insurance policy at issue, in violation of Fla. Stat. § 626.922 and/or Fla. Stat. § 627.421" (Fifth Affirmative Defense). [DE 31].[1]

"Judgment on the pleadings is appropriate only when a party 'fails to offer any pertinent defense,' not when one defense out of many is challenged." *Pete Vicari Gen. Contractor LLC v. Ohio Cas. Ins. Co.*, No. 17-23733-CIV, 2018 WL 6308695, at *1 (S.D. Fla. Sept. 27, 2018) (quoting *Vann v. Inst. of Nuclear Power Operations, Inc.*, No. 1:09-cv-1169-CC-LTW, 2010 WL 11601718, at *2 (N.D. Ga. July 15, 2010)). "Federal courts are unwilling to grant a judgment under

---

[1] Defendant Desiree Walker and Defendant Irache Partners, LLC, have filed similar affirmative defenses. [DEs 30, 32]. The same analysis thus applies to them.

Rule 12(c) unless it is clear that the merits of the controversy can be fairly and fully decided in this summary manner." *Id.* (internal quotation marks omitted).

At this juncture, in light of the pending allegations in the Complaint and the Affirmative Defenses, the merits of the controversy cannot be fairly and fully decided in a summary manner at the judgment on the pleadings stage. First, South Florida and Irache are named as "Additional Insureds" in the policy at issue. [DE 1-4 at 24–25]. Plaintiff has not cited any law that prevents an additional insured from asserting the affirmative defenses that have been raised in this case. Second, it is not clear on the face of the policy who actually signed the policy as the "Authorized Representative," and there are no allegations in the Complaint on this issue. *Id.* at 2. This is a factual dispute that is material to the Fifth Affirmative Defense. Third, Plaintiff inconsistently argues that South Florida, as an additional insured, had no role in negotiating the policy and cannot raise certain affirmative defenses on that basis, and also that South Florida is bound by the policy's merger and integration clause. In light of the foregoing, this case should not be resolved through judgment on the pleadings as South Florida, as well as the other two defendants, have raised pertinent affirmative defenses that they should be permitted to fully investigate.

### D.   Plaintiff's Duty to Defend

Plaintiff is correct that South Florida (as well as the other two Defendants) have failed to specifically respond to Plaintiff's argument that the Firearms or Weapons Exclusion, the Assault or Battery Exclusion, and/or the Abuse or Molestation Exclusion bar any recovery by Defendants. Rather, South Florida contends that Plaintiff has a duty to defend because it negligently failed to warn Desiree Walker "of the lack of security measures taken by Defendants, as well as '[o]ther acts of negligence as will be discovered,' are not included within the exclusions for Assault and Batter, Firearms or Weapons, or Abuse or Molestation." [DE 56 at 9]. The Court is well-aware

that courts within this district and the Eleventh Circuit have granted motions for judgment on the pleadings in declaratory judgment cases involving the application of policy exclusions. However, in light of the applicable law, the Court finds that judgment on the pleadings should not be granted here given the affirmative defenses that have been plead. The Court further notes that Plaintiff cites three cases in its papers that analyze similar policy exclusions to those at issue in this case under Florida law. However, all three of those cases involve motions for summary judgment and not motions for judgment on the pleadings. [DE 68 at 4–5]. In this particular case, the Motion should be denied. This, of course, should be without prejudice to Plaintiff renewing its arguments at the motion for summary judgment stage of the case.

### E. Plaintiff's Duty to Indemnify

South Florida argues that "the Court previously dismissed the portion of Trisura's Complaint that seeks declaratory relief as to Trisura's duty to indemnify as premature." [DE 56 at 10]. In light of the prior Order, the Court agrees that Plaintiff's Motion must be denied to the extent that it seeks judgment on the pleadings on indemnification.

### V. CONCLUSION

In light of the foregoing, the undersigned United States Magistrate Judge **RECOMMENDS** that Defendant's Motion for Judgment on the Pleadings as to Count II (Rescission) [DE 40] be **DENIED** for the reasons stated in this Report and Recommendation.

### NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation

and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Florida, this 26th day of March 2025.

                                                 WILLIAM MATTHEWMAN
                                                 United States Magistrate Judge